HEARD NOVEMBER TERM, 1877.

## RICE *vs.* MAHAFFEY.

In an action for foreclosure a final judgment was entered for plaintiff by consent, and shortly thereafter defendant commenced an action against plaintiff to enjoin the sale, alleging equitable grounds of relief, and the Circuit Judge, without notice to plaintiff, granted an order to enjoin the sale. On appeal, the action to enjoin the sale and all proceedings therein were set aside, the Court holding that they were unauthorized, irregular and void.

A defendant in an action must plead all his defenses, whether legal or equitable. He cannot allow judgment to be entered against him and then commence a separate action against plaintiff alleging an equitable defense and praying for an injunction. The judgment estops him from setting up any matter which could have been pleaded in the first action.

An order to enjoin a decree for sale of mortgaged premises cannot be made without four days' notice, as the 78th rule of the Circuit Court requires.

BEFORE NORTHROP, J., AT LAURENS, NOVEMBER, 1876.

The case is as follows :

In December, 1869, Sanford B. Mahaffey became the purchaser of a tract of land lying in the County of Laurens, which was sold by Ira W. Rice, as Clerk of the Court, for partition between the heirs of William Hunter, and gave bond and mortgage to secure the payment of the purchase money. In May, 1875, suit was brought in the name of Rice, as plaintiff, against Mahaffey to foreclose the mortgage. Mahaffey answered the complaint, and alleged, amongst other defenses, that the question of title to the land was in litigation in the United States District Court in a case there pending between the creditors of Willis Cheek, a bankrupt. The issues in the cause were then referred to a Referee, and upon the coming in of his report a decree for foreclosure and sale of the mortgaged premises was made, with the consent of Mahaffey's attorney. A few days afterwards Mahaffey commenced this action

against Rice, setting forth in his complaint the pendency of the suit in the United States District Court for recovery of the possession of the mortgaged premises and praying for an injunction to restrain the sale and for a review of the facts of the case. And thereupon, without notice to the plaintiff, Rice, His Honor Judge Northrop made an order to restrain the sale under the decree for foreclosure.

The plaintiff, Rice, appealed on the grounds, amongst others: 1st. That the Circuit Judge erred in enjoining a decree made by consent. 2d. That there was error in enjoining the decree of foreclosure without four days' notice, as directed by the 75th rule of the Court.

*Pope & Watts*, for appellant.

*Ball*, contra.

March 9, 1878. The opinion of the Court was delivered by

HASKELL, A. J. When the Courts of law and equity were separate and distinct it was sometimes allowable for a bill to be filed in chancery by the defendant in an action at law against the plaintiff to dispose of some equitable question arising in the matter between them,—and *ad interim* to restrain the proceeding at law.

By the Constitution, Article IV, Section 16, the Court of Common Pleas now has jurisdiction in all matters of equity, and by Section 92 of the Code of Procedure, Revised Statutes, page 586, "the distinction between actions at law and suits in equity, and the forms of all such actions and suits, are abolished." The Court is, therefore, now competent to administer equitable and legal relief in a single action, and in every action in every manner, and more than formerly the two Courts could do when acting separately and sometimes in antagonism. The defendant is, therefore, bound to plead his defenses, legal and equitable, in the action brought, and is estopped from instituting a separate proceeding in the same cause with the same party. If by any mistake he may have suffered injury, the Court has extensive power, and, upon motion, can grant relief by leave to amend or otherwise, according to the nature of the case. Such proceedings are not separate, but are in their nature supplemental, and are part of the original action. The respondent in this case has not pursued the course which the law so clearly

directs, and if he lose any relief to which he may have been entitled, it is his own fault. The complaint on which the motion for order of injunction rests is, on its face, a distinct proceeding, but, in fact, it is this: The plaintiff is the defendant in the original case; the case made out by his complaint is the defense set up in his answer in the case already existing; the Court is the same whose judgment determined the identical question raised in this effort at a new proceeding. The order appealed from enjoins the judgment. The Court enjoins its own judgment, not only without cause, but without notice to the adverse party.

The judgment in this case is not, as counsel seeks to argue, analogous to a judgment at law under the old practice, but is in the nature of a decree in equity, and the effect is that the Court enjoins itself. "A judgment is the final determination of the rights of the parties in the action."—Revised Statutes, page 630. And the judgment must stand until reversed by appeal or some mode which the law provides. The Court would stultify itself were it to pursue the practice of enjoining the execution of its judgments on *ex parte* motions. In this case it is obviously rendered more erroneous by the fact that the grounds on which the motion rests had just been determined in the case, and the judgment was rendered with the consent of the defendant—the respondent. The equitable powers of the Court should not be extended to grant relief in such a proceeding where the party moves, *ex parte*, to set aside, in effect, his own agreement. The Circuit Judge was further in error to grant an order enjoining an order of sale without four days' notice to the adverse party as required by the seventy-fifth rule of the Circuit Court. Rules do not make law, but they regulate practice and should be enforced.

It is therefore ordered that the order appealed from be set aside, and that the complaint and entire proceeding on which the motion for the order was based be dismissed.

*Willard*, C. J., and *McIver*, A. J., concurred.