JOHNSON v. MASTERS.

1. PRACTICE—FORECLOSURE—EXCEPTIONS— REFERENCE. — Where a defendant neither answers nor demurs to a complaint in foreclosure, he has no right to demand time to except to a report of a referee as to amount due.  Distinguished from *McGhee* v. *Merriman*, 43 S. C., 103.

2. INTEREST—JUDGMENT—COSTS.—Costs and charges may draw interest after entry in judgment.

Before GARY, J., Laurens, October, 1896.    Affirmed.

Action in foreclosure by J. T. Johnson and L. H. Wilson against J. D. Masters.    Judgment by default against defendant, from which he appeals.

*Messrs. Hydrick & Wilson*, for appellant, cite:  Code, 294; 43 S. C., 203;  Code, 325–6.

*Messrs. Johnson & Richey*, contra.

July 1, 1897.  The opinion of the Court was delivered by

MR. JUSTICE POPE.  The plaintiffs commenced their action against the defendant by the service of the summons and complaint on the 10th day of September, 1896, in the Court of Common Pleas for Laurens County, in this State, for the foreclosure of a mortgage.  On the 16th day of September, 1896, the notice of *lis pendens* was duly filed. The defendant failed to answer or demur, and gave no notice of appearance.  According to the requirements of the Code of Procedure, the clerk of the Court of Common Pleas placed the cause on Calendar 3.  On the 8th day of October, 1896, in term time, and in open court, the presiding Judge made an order referring the cause to J. B. Parks, as special referee, "to calculate the interest on the note and mortgage sued on herein, and report to this Court with all convenient speed the amount due by defendant to plaintiffs on said note and mortgage."  This report was made on the same day of the order, and judgment was rendered on the

same day. No notice was given the defendant thereof. He (the defendant) now appeals to this Court on three grounds: "1. That his Honor erred in rendering any judgment herein against defendant on the day upon which the special referee made his report, thereby depriving him of his right to except thereto within ten days thereafter. 2. That his Honor erred in decreeing that the defendant pay plaintiffs' interest from the date of the decree upon the costs and charges in this action. 3. That the amount for which judgment was rendered was excessive."

We will dispose of these grounds in their order. So far as the first is concerned, we are at a loss to conceive what course could have been pursued other than that adopted. The defendant made no appearance, nor did he answer or demur. Therefore, he left it in the power of the Court to dispose of the action as if upon an agreed state of facts, for he neither controverted a single fact nor did he object to any judgment within the scope of the complaint. Under section 267 of the Code it is competent for the Circuit Judge to grant relief, in default cases, when in chancery, with or without a reference as he may deem proper. In the case at bar, the Circuit Judge could have made the calculation himself. If he had done this, the defendant could not have complained that time was not given him to object, for by his failure to appear he had forfeited this right. The terms of the order of reference in the case at bar was merely to ascertain by calculation the amount due. Rule 52 of the Circuit Court Rules was complied with fully in this case. Appellant cites *McGhee* v. *Merriman*, 43 S. C., 103, as supporting this ground of appeal. As we view that case, it has no application here, for in that case an answer had been served, and after the referee or master made his report, of which a copy was served upon the attorney for the defendant, who had answered, judgment was taken on said report before the ten days in which defendant had the right to file exceptions had elapsed. In *Nobles* v. *Hogg*, 36 S. C., 329, this Court held, that as

the Circuit Judge only called upon a special referee to ascertain the amount due in accordance with his decree, no time was to be allowed for exceptions.  This exception is overruled.

As to the second exception, section 326 of the Code of Procedure requires the clerk to enter the costs and disbursements as allowed by law.  The Circuit Judge, in his decree, made provision for this act on the part of the clerk.  This exception is overruled.

Lastly, we will consider the third ground of appeal.  Appellant frankly admitted in his argument that if any error existed, it was only for fifteen or twenty cents.  By the calculation of respondent, it appears that the referee erred as against respondent some eighteen cents.  We find no error.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.