ODOM v. BURCH.

1. No Appeal lies from judgment by default.
2. Judgment by Default—Excusable Neglect.—Remedy against judgment by default is by motion to set it aside, under Code, 195, for excusable neglect, &c.
3. Homestead—Purchase Money—Debt of Homestead—Notice—Certificate of Judge—Pleadings—Practice.—When a defendant is served with summons and complaint on debt, it is not necessary to allege the consideration to be the purchase money of homestead, in order to obtain Judge's certificate to that effect, nor is defaulting defendant entitled to notice of such motion.
4. Words and Phrases—Practice.—A motion for leave to show that a debt was contracted for purchase money of homestead, and certificate to that effect is within the terms, "ordinary proceedings in an action," in Code, 414.

Before KLUGH, J., Chesterfield, July 2, 1897.    Affirmed.

Motion by Henry Burch, in case of John W. Odom *v.* Henry Burch, to set aside, on ground of excusable neglect, want of notice, &c., so much of a judgment by default as contains the certificate of the Judge that the consideration of the debt was the purchase money of the homestead. Motion refused.    Defendant appeals.

*Mr. W. P. Pollock*, for appellant, cites: *Error of law corrected on this motion:* 26 S. C., 589; Code, 195. *Certificate not proper:* 8 S. C., 97; 16 S. E. R., 537; 16 S. C., 617; 21 S. C., 381; 2 S. C., 227; 3 S. C., 227; 13 S. C., 490; 24 S. C., 29; 2 S. C., 309.

*Messrs. Stevenson & Matheson*, contra, cite: *Judgment not appealed from in ten days final:* Code, 11, sub. 1, 345; sub. 1, 266; 21 S. C., 258; 13 S. C., 259; 1 McC. Ch., 22; 30 S. C., 614; 38 S. C., 556. *Motion in Judge's discretion, and he has not abused it:* Code, 195; 8 S. C., 50; 17 S. C., 453; 16 S. C., 115, 459, 634; 13 S. C., 23; 21 S. C., 82; 12 S. C., 466; 14 S. C., 330, 332; 25 S. C., 274; 27 S. C., 373.

*Certificate properly granted:* 38 S. C., 103; 2 DeS., 54; Rich. Eq. Ca., 209.

April 13, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. Judgment by default was entered, February 17, 1896, against the defendant in this case, pursuant to an order for judgment by Judge R. C. Watts, dated February 5th, 1897, as follows: "It appearing that the notes sued on herein were given for the purchase money of defendant's homestead, and there is due thereon to plaintiff the sum of $336.11, and defendant having made no answer, on motion of W. F. Stevenson, plaintiff's attorney, it is ordered, that plaintiff have judgment against the defendant for $336.11, and I certify that the same is for the purchase money of defendant's homestead, and for nothing else; and the clerk is ordered to indorse a copy of this certificate on all process issued in this case for the collection of said debt." When the plaintiff's attorney asked for judgment, he stated that he desired a certificate that the debt was for the purchase money of defendant's homested, and wished to swear a witness as to that matter. The plaintiff was then sworn, and testified that the notes sued on were given for the purchase money of a tract of land bought by defendant from Isham A. Wallace, the payee of the notes; that lately, since plaintiff (to whom Wallace had assigned the notes) had been insisting on payment of the debt, the defendant had exchanged that tract for the tract in his possession at the time of the trial, and that he owned no other land. The question was then submitted to Judge Watts, whether the debt sued on was the purchase money of the defendant's homestead, and Judge Watts held that the same consideration ran through the entire transaction, and that the land in the possession of defendant stood with reference to the debt as the original tract for which the notes were given, and so gave the certificate asked for.

Under an execution issued on said judgment, the sheriff of Chesterfield County levied upon the land in defendant's

possession, and advertised the same for sale, but the sale has not taken place, pending the motion hereinafter mentioned. In July, 1897, after due notice, defendant moved before Judge Klugh, presiding at Chesterfield, to open said judgment and set aside so much thereof as contains the certificate that said judgment is for the purchase money of defendant's homestead, the grounds of the motion being that defendant had no notice that plaintiff would move for such certificate, that such certificate was not true in fact, and that it was taken through defendant's mistake, inadvertence, surprise, and excusable neglect, the same being taken in his absence, by default, and without notice. After hearing the affidavits submitted, Judge Klugh refused the motion, by order, dated July 2, 1897, holding that the facts relied on by defendant were all substantially before Judge Watts, and that he could not review Judge Watts' finding; and, further, that there was shown no such surprise, inadvertence or excusable neglect as would entitle defendant to the relief asked.

Then defendant appealed from the order of Judge Klugh and also from the order of Judge Watts. Under the view we take, it will not be necessary to consider the grounds of appeal in detail; but we will announce the principles that determine the appeal.

1. Unless provided for expressly by statute, no appeal can be taken from a judgment by default. 2 Ency. Pl. & Pr., 102. In the absence af such statute, the rule in this State is not to entertain an appeal from a judgment by default. *White* v. *Coleman*, 38 S. C., 556. But, even if the rule were otherwise, the appeal from Judge Watts' order having been taken long after the expiration of ten days from the entry of judgment, is too late.

2. The only remedy in such a case is an application to the Court, within one year after notice of judgment, for relief, on the grounds that the same was taken against him through his mistake, inadvertence, surprise or excusable neglect, as provided in section 195 of the Code of Civil Procedure. This remedy the appellant sought

in his motion before Judge Klugh. But by the express terms of this section, the granting of the relief rests in the discretion of the Court, and this Court will not interfere with the exercise of such discretion, unless in a clear case of abuse. *LeConte* v. *Irwin*, 19 S. C., 557; *White* v. *Coleman*, 38 S. C., 556. The record does not disclose anything to justify us in saying there was abuse of discretion. His findings of fact are not reviewable in a case of this kind, and his order is not reversible, except for error of law. It was not error of law for him to decline to review the order of Judge Watts to ascertain if Judge Watts committed error of law. As stated by him, the facts presented to him on the motion were substantially the same facts before Judge Watts when he rendered judgment and gave the certificate. If Judge Watts committed any error, it was an error of law, which could not be reviewed before another Circuit Judge. Unless, therefore, Judge Klugh was satisfied that the judgment was taken against defendant through his mistake, or inadvertence, or surprise, or excusable neglect, and he was not so satisfied, he committed no error of law in refusing defendant's motion. Reduced to its final analysis, defendant's motion for relief was on the ground that he had no notice that plaintiff would apply to Judge Watts for the said certificate. The complaint alleged that the notes sued on were given for land conveyed to defendant by I. A. Wallace, but did not state expressly that said notes were given for the purchase money of land in the possession of defendant as a homestead. But in the case of *Green* v. *Spann*, 25 S. C., 274, this Court held that it was not necessary, in order to procure such certificate, that the complaint should contain such allegation. Therefore, even if it be conceded that the complaint contained nothing to inform defendant that such certificate would be applied for, it would not avail defendant. Then, is defendant entitled to have had notice of the intended application for the certificate independently of the service of the summons and complaint in the action? The defendant had not

demurred, answered or given notice of appearance in the action. Section 414 of the Code of Procedure provides: "When a defendant shall not have demurred or answered, service of notice or papers in ordinary proceedings in an action need not be made upon him unless he be imprisoned for want of bail, but shall be made upon him or his attorney if notice of appearance in the action has been given." Having defaulted, he was not entitled to notice of such application in the action, unless such application is not an ordinary proceeding in an action. Such an application, however, is quite usual in suits on obligations contracted for the purchase of the homestead or for the erection or improvements thereon, and is authorized by section 2001 of the General Statutes, appearing as section 2133 of the Revised Statutes, and is within the meaning of the expression "ordinary proceedings in an action." It relates to the nature of the contract or obligation sued on and to the process which the law has provided for its collection. Having been duly served with the summons in the action, defendant cannot say he had no notice of such application in the action as plaintiff had the right to make, and the Court to grant, at the time of the rendition of the judgment.

The judgment of the Circuit Court is affirmed.