### WASHINGTON v. HESSE AND SHINGLER.

1. JUDGMENT—APPEAL—DISCRETION.—No appeal lies from an order refusing a motion to vacate a judgment, under Code, 195, except in a clear case of abuse of discretion.
2. JUDGMENT BY DEFAULT—APPEAL.—A defendant cannot appeal from a judgment by default.

Before BENET, J., Berkeley, February, 1896.    Affirmed.

Action in claim and delivery by Ben Washington against Hesse and Shingler.    From order refusing motion to vacate judgment by default, and from such judgment, defendants appeal.

*Messrs. Mordecai & Gadsden,* for appellants, cite: *All the provisions of law as to obtaining judgment by default have not been complied with in this case:* Code, 276; 19 S. E. R., 1010; Code, 267.

*Messrs. Hawkins S. Jenkins* and *T. S. Moorman,* contra. The latter submitted to Court only type-written argument.

· July 29, 1899.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    This was an action for claim and delivery of personal property.    The defendants did not an-

swer.   After verdict of the jury as to the relief demanded, judgment was entered thereon.   Defendants then moved before Judge Benet to be relieved from said judgment on the ground that it was taken against them through "their inadvertence, mistake, surprise and excusable neglect, and that of their attorneys."   The Circuit Judge refused the motion in a brief order, in which he stated: "After hearing arguments on both sides, and a careful examination of all the affidavits submitted, I am of opinion that the defendants have failed to show that they are entitled to the relief sought.   Not only did the defendants have ample opportunity to be present in person at the trial, but Mr. R. W. Haynes, who, as is shown by the affidavits submitted by them, was one of the attorneys engaged in this case, was present when the same was called, and made no objection to its being tried."

The defendants appeal both from this order and from the judgment entered in the case.   First, as to the order refusing the motion for relief, under section 195 of the Civil Code.   By the express language of this section, relief thereunder rests in the discretion of the Circuit Court.   This Court will not interfere except in a clear case of abuse of discretion.   The affidavits pro and con were considered by the Circuit Court, and his conclusions of fact in such a case as this are final and conclusive. The facts being as found by him, it is manifest there was no abuse of discretion.

As to the appeal from the judgment.   When a defendant fails to appear and answer, he has no status in Court which will enable him to appeal from the judgment rendered.   Exceptions to such judgment are not, therefore, properly before us.   The case of *White* v. *Coleman,* 38 S. C., 556, and *Odom* v. *Burch,* 52 S. C., 307, are authorities for both rulings above.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE POPE.   Being a law case, I concur.