## KIDDELL, EXOR., v. BRISTOW.

1. PRACTICE.—Under the facts in this case and in view of the agreement of counsel, it was not ill usage of appellants' attorney to force case to trial the day following filing of master's report.

2. IBID.—MASTER—ANSWER.—Under the facts here it was not error in master to refuse appellants' motion for leave to answer over, the case being well advanced under reference.

3. ACTION PENDING—DEMURRER—ANSWER.—Objection that another action is pending on same cause of action can only be taken by demurrer when such fact appears on the face of the complaint, otherwise it must be made by answer.

4. EVIDENCE.—Objection cannot be made to evidence after its admission without objection.

5. ASSIGNMENT.—MORTGAGE of party holding deed to land afterwards declared to be a mortgage, is equitable assignee of the rights of mortgagor.

Before KLUGH, J., Darlington, December, 1902. Affirmed.

Foreclosure by Charles Kiddell, executor, and Martha A. Ryan and Caroline Ryan Nash, executrixes of W. K. Ryan, against Cherry Bristow and other heirs at law of Belford Bristow and Nelson Scott. From Circuit decree, defendants, Cherry Bristow, Peter Bristow, Isaac Bristow, Joseph Bristow, Louisa Jackson and Maria Dukes, appeal.

*Mr. S. S. Davis,* for appellants, cites: *As to objection to jurisdiction:* 11 S. C., 409; 12 S. C., 130; 60 S. C., 380; 61 S. C., 569. *Objection to exhibit not too late:* 60 S. C., 379; 62 S. C., 244; 1 Green on Ev., sec. 572.

*Messrs. W. F. Dargan* and *Woods & Macfarlan,* contra. *Mr. Dargan* cites: *As to objection that another action was pending:* Code Proc., 164, 165, 168, 169.

July 20, 1903. The opinion of the Court was delivered by

MR. JUSTICE JONES. The object of this action was to

foreclose a deed of real estate declared to be a mortgage, in the case of *Bristow* v. *Rosenburg,* 45 S. C., 614, 23 S. E., 957. The Circuit Court confirming the report of the master, and overruling all exceptions thereto, gave decree of foreclosure in the sum of $3,068.51, from which certain of the defendants, represented now by S. S. Davis, Esq., appeal.

1. The first exception assigns that the Court committed error in compelling the defendants' counsel to come to trial on the 6th day of December, 1902. It appears that the action was commenced October 28, 1898, and that no answer had been filed up to November 2, 1899, when an order of reference was made by Judge Benet. Thereafter, on March 9, 1900, by courtesy of plaintiff's counsel, an answer was served by the firm of Stevenson, Matheson & Rankin, as attorneys for defendants. The first reference was held on October 24, 1902, wherein the defendants were represented by Stevenson, Matheson & Rankin. The next reference was held on November 15, 1902, at which defendants were represented by Mr. Matheson, of the firm of Stevenson, Matheson, & Rankin, and at this reference testimony was offered in behalf of defendants. The reference, at the instance of defendants' counsel, was adjourned to 20th of November, 1902, and again to December 4th, 1902. On the last mentioned date, Mr. Matheson, of said firm, was present, representing the defendants, and then for the first time, S. S. Davis, Esq., appeared, claiming to represent some of the defendants. After some argument as to the right of Mr. Davis to appear, the reference was adjourned to next day. On this last mentioned date, Mr. Rankin, of the firm of Stevenson, Matheson & Rankin, represented defendants, and Mr. Davis appeared, claiming to represent some of the defendants. At this reference, Mr. Dargan, counsel for plaintiff, made this statement: "I wish to state, Mr. Master, that I had an understanding with my friends on the other side that this case should be heard at this term of Court, and the continuances of references have been at their solicitation. At the time of the last reference, Mr.

Davis appeared. and told me that he represented some of these defendants, and I drew your attention to it; and while you intimated that you knew nothing and could recognize nobody but the attorneys of record, Stevenson, Matheson & Rankin declining to withdraw from the case and still representing their clients, I asked that Mr. Davis be heard, subject to our understanding that the case be tried and ended at this term of Court. I understand that Stevenson, Matheson & Rankin still represent these people—is not that so, Mr. Rankin? Mr. Rankin states that they have had no notice from any of these people that the case has been withdrawn from their hands." The case futher shows this agreement: "It was agreed by and between the plaintiffs' counsel and the attorneys for the defendants, and stated before the master and also before the Circuit Judge, that the case was to be heard by the Court and determined upon the filing of the master's report, waiving notice of filing the master's report and time for filing exceptions or objections thereto. It was expressly stipulated that the appearance of S. S. Davis as attorney for certain of the defendants at so late a stage of the litigation should in no wise interfere with the said agreement or delay the hearing of the case in the Circuit Court; and it was upon this stipulation that he was allowed to appear, and did appear, and file his exceptions to the master's report, and argue the same on behalf of the defendants whom he claimed to represent." The reference was closed on the 5th December, 1902, and on next day the master's report was filed and the case heard upon the exceptions prepared by Mr. Davis, as representing the defendants who are now appealing. The case was heard on the last day of the term, and we do not see how it was possible for the Circuit Court to have granted further indulgence to defendants' counsel in view of the agreement of counsel. The fact that the hearing took place before the expiration of ten days in which to file exceptions to the report of the master, amounts to nothing in view of the agreement of counsel to waive such time, and in view of the fact that the

12—67

exceptions were filed before the hearing and counsel fully heard thereon. The record not only fails to disclose that the appealing defendants and their counsel were subjected to any ill usage as complained, but, on the contrary, it appears that they were treated throughout with great indulgence and fairness.

2. The second exception complains that the Circuit Court erred in not sustaining appellants' exception to the master's ruling in refusing to allow defendants to answer over. It appears that when Mr. Davis was permitted to be heard under the circumstances above stated, he, among other things, moved the master to allow the defendants represented by him to answer over, alleging that at the time the answer was made in the case they had not employed Messrs. Stevenson, Matheson & Rankin. There is nothing in the case tending to support the statement in the exception that Stevenson, Matheson & Rankin did not represent the defendants. On the contrary, so far as appears, Stevenson, Matheson & Rankin were the only attorneys of record for defendants at this stage of the case, and the master reports that these defendants had been on two occasions in attendance on the reference and assisted the attorney of record in conducting the defense. These attorneys of record were not moving to be allowed to answer over or to amend their answer for the defendants. Besides, the nature of the proposed answer or amendment is not disclosed. While a master, under sec. 294, Civil Code Procedure, has the same power to allow amendment to pleadings, upon the same terms and with the same effect as the Court, the Court would not allow an amendment at that stage of the case, which substantially changed the defense. *Whaley* v. *Stevens,* 21 S. C., 221; *Pickett* v. *Fidelity Co.,* 60 S. C., 485, 38 S. E., 160. If the answer put in for defendants, appellants, by Stevenson, Matheson & Rankin was without authority, then defendants were in default of answer and could get no relief from the master. In any view of the case, we see no error in the master's ruling as

affirmed by the Circuit Court. For the foregoing reasons we overrule also the third, seventh and tenth exceptions, which are of a similar nature to the second exception.

3. The fourth exception alleges error in not holding that plaintiffs' complaint was repugnant to the judgment of the Supreme Court in *Bristow* v. *Rosenburg, supra,* which it is claimed, in effect, remanded that case for an accounting, and in not holding that the Court of Common Pleas had no jurisdiction in this foreclosure suit when another suit was pending between the same parties for the same cause. When counsel for appellant was permitted to be heard before the master under the circumstances stated above, he sought to demur to the complaint on the ground stated. The attorneys of record for defendants in their answer had set up the pendency of the suit of *Bristow* v. *Rosenburg,* involving an accounting as to the amount due upon the mortgage debt, but had stricken the same out of the answer, doubtless because the same result could be reached in the present action. The pendency of another action between parties for the same cause is one of the grounds of demurrer mentioned in sec. 165, Civil Code Procedure, when such defect appears on the face of the complaint. Such defect did not appear on the face of the complaint in this case. In this event the objection could only be made by answer, as provided in sec. 168. While the answer in this case did originally make such defense, it was stricken out on defendants' own motion, and, therefore, the pleadings stood as if no such plea had been made. Sec. 169 provides that if such objection be not taken by demurrer or answer, the defendant shall be deemed to have waived the same. Such an objection does not go to the jurisdiction of the Court. For like reasons, the ninth exception must be also overruled.

4. The fifth exception alleges error in sustaining the master's ruling in admitting in evidence exhibit E. This, according to the testimony, was a copy of an original statement which had been signed by the mortgagors,

4      Belford Bristow and Nelson Scott, and tended to show the indebtedness secured by the deed declared to be a mortgage in Bristow *v.* Rosenburg. This statement, together with the testimony of E. O. Woods in connection therewith, had been introduced in evidence, without objection from defendants' counsel, at a previous reference. The master properly ruled that the objection to the testimony came too late.

5. The sixth exception alleges that the Court erred in sustaining the master in his finding that the plaintiffs are equitable assignees of the rights of Joseph Rosenburg in the mortgage deed of December 5, 1883. The evidence showed that at the time of the deed by Belford Bristow, the intestate of defendants, and Nelson Scott to Phillip Kalmus, which was held to be a mortgage in Bristow *v.* Rosenburg, Ryan & Son held by assignment a deed and mortgage of Belford Bristow for $700, dated 11 December, 1888, and also a bond and mortgage of Belford Bristow and Nelson Scott for $627.98, dated January 9, 1890, both mortgages covering the tract of land in suit. The evidence further showed that in 1891, while the suit of Bristow *v.* Rosenburg was pending and while Rosenburg held from Kalmus the deed for said land afterwards declared to be a mortgage, Rosenburg executed to Ryan & Son a mortgage on said land to secure his bond in the sum of $1,500. These facts warranted the holding that plaintiffs, who succeeded to the rights of Ryan & Son, were equitable assignees of the interest of Rosenburg under the deed declared to be a mortgage.

6. The eighth exception alleges error in not holding that plaintiff had failed to show any breach of condition of the mortgage, or the existence of any debt secured thereby. A careful examination of the testimony satisfies us that there is no merit in this exception, and that the finding of the master, affirmed by the Circuit Court, that the sum of $3,068.51 is due plaintiffs under the mortgage deed, is correct.

The judgment of the Circuit Court is affirmed.