## FARMERS AND MECHANICS MERCANTILE AND MANUFACTURING CO. v. SMITH.

1. JUDGMENT—SETTING ASIDE DEFAULT.—There is no error of law in order of Circuit Judge setting aside a judgment by default and permitting defendant to answer on motion, under sec. 195, Code of Proc., when before default a second summons and complaint were served by plaintiff's attorneys personally, and some days after defendant informed by letter that papers would be held for ten days, and when family of defendant were so sick at time answer should have been served as to prevent his leaving home to consult his attorney.

2. PLEADINGS—VERIFYING.—When a complaint is not sworn to, it is not necessary that a defendant swear to an answer proposed to be served on motion, under sec. 195 of Code of Proc., after default.

Before TOWNSEND, J., Lexington, July, 1903. Affirmed.

Action by Farmers and Mechanics Mer. and Mfg. Co. against S. R. Smith. From order granting defendant leave to file answer, plaintiff appeals.

*Messrs. McFaddin & Jennings,* for appellant, cite: *Defendant does not show excusable neglect:* 36 S. C., 581. *Showing does not disclose a valid defense:* 15 Ency., 288; 1 Ency. P. & P., 352, 360, 363; 23 Hun., 406; 1 How. Pr., 45.

*Messrs. W. H. Sharpe* and *G. T. Graham,* contra (oral argument).

November 17, 1904. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This appeal involves the right of a Circuit Judge to vacate a judgment when the defendant shows an excusable neglect for failure to answer, under section 195 of our Code of Procedure. The record here discloses among others the following facts: The summons and complaint were served by the sheriff of Lexington County, in this State, on the first day of October, 1902. The defendant called to see plaintiff's attorneys on the 20th day of October, 1902, on which day the plaintiff's attorneys caused the defendant to be served with another summons and complaint while in their office. After such service, the defendant showed a copy of the summons and complaint served upon him on 1st October, 1902. The defendant, on that day, received notice that his son was quite ill in Lexington County, in this State, and he went at once to his son's bedside. This son was very ill, and during his son's illness two other members of defendant's family were ill from typhoid fever. The defendant in this way failed to reach his attorney, W. H. Sharpe, Esq. This attorney afterwards sought the right to answer, which was declined by plaintiff's attorneys. On the 24th day of February, 1903, judgment by default was taken before Judge Klugh. On the 20th

11—70.

April, 1903, notice was given by W. H. Sharpe, Esq., as defendant's attorney, to set aside default judgment, on the 8th day of June, 1903. This motion was made upon affidavits tending to show the illness in defendant's family before the time to answer had expired; that defendant was one of the best citizens of Lexington County; that defendant's attorney was in attendance upon the session of the legislature as State Senator from about 9th January, 1903, till its close, some time in the latter part of February, 1903·; that the family physician knew that defendant's wife and their two children had typhoid fever and were quite ill; therefore, that defendant's attorney, by letter written on November 15th, 1902, asked leave to answer, which was declined. That there was a correspondence between the parties litigant, or rather the attorneys for plaintiff and defendant. That some conversations were had, during which the genuineness of the note was in question. After a hearing, Judge Townsend passed the following order, omitting titles, as follows:

"This is a motion to set aside a judgment taken by default against the defendant in the above entitled action on the ground of excusable neglect. The main facts are as follows, as near as I can recollect, which was admitted at hearing and which I get from the papers used at the hearing:

"The defendant, S. R. Smith, was served with the summons and probably the complaint, on the second day of October, 1902. There was some sickness in the family, and he had not answered on the 20th of October. On the last mentioned day, that is, 20th October, there being then two days more before the expiration of the time to answer, the defendant passed through Columbia on his way to Newberry, and was in the office of plaintiff's counsel. On the 20th October, three days after the expiration of the time to answer (which was on the 22d October), the defendant passed back through Columbia on his way home from Newberry. Whilst in Columbia, plaintiff's counsel talked with him and served him with another copy of the summons, as of the same date as the first copy, and the defendant said that

he would see the plaintiff company about the case before he left the city.   But before he did see the company or had an opportunity to see it, or its representative, he received a message from his home that his son was very sick and he hastened home at once, and failed to see the plaintiff.   Up to this point I do not think that defendant's neglect was excusable, because he was in Columbia, as already stated, on the 20th October, two days before the expiration of the time for answering.   Why he did not answer at that time does not appear.   The service of another copy of the summons on him, however, on the 25th October, and the unexpected sickness in his family, already mentioned, and the letter of plaintiff's counsel to defendant, dated 27th October, in which they told him that 'We (they) would hold the papers ten days from that date,' was calculated to confuse the defendant. For, in the first place, this fresh copy of the summons, which was served on the defendant on the 20th October, no doubt contained the provision that he must answer the complaint twenty days from its service, and two days afterwards, to wit: on 27th October, the plaintiff's counsel wrote him that they would hold the papers ten days from that date.   These two papers, viz: the new copy of the summons and the said letter, were well calculated to convey to the defendant the idea that he had another ten days or twenty days to answer. Then, when we consider the severe illness of his family, as shown by the affidavits, which rendered it next to impossible for him to leave them during other ten or twenty days, I think the default of the defendant was reasonable and natural, and that his neglect to answer was excusable.   The service of the second summons was well calculated to convey the idea that the failure to answer the first summons had been condoned, the letter of 27th October was calculated to convince the defendant that he had at least ten days to answer.

"It is, therefore, ordered, adjudged and decreed, that the said judgment by default obtained in this action against the defendant, S. R. Smith, be and is hereby set aside and vacated, and that the defendant have twenty days from the

filing of this order to answer the complaint herein, if he be so advised."

The plaintiff now appeals from this order. Its first ground of appeal is as follows:

"1. Because his Honor erred in holding, 'The new copy of the summons and the said letter were well calculated to convey to the defendant the idea that he had other ten days or twenty days to answer;' when it is respectfully submitted, plaintiff's attorney did not know at the time of such second service that defendant had ever been served with the summons and complaint in said case, and told defendant they would not rely upon the second service after they ascertained that service had already been made, and when the express language of the letter of plaintiff's attorneys to defendant, of date October 27, 1902, was advice that he had made default in answering the complaint."

Before proceeding to discuss the exceptions, we would say that an inspection of the case shows that the Circuit Judge has confused his dates, as shown by his decretal order. The summons and complaint were served on the 1st day of October, 1902, and not on the 2d day of said month. The 20th day of October, 1902, when the defendant went to plaintiff's attorney's office, was two days *before* the time to answer, and not three days *after* such expiration of time to answer. The service of second summons and complaint was on *the 20th day of* October, 1902. These are clerical errors, and would make the decretal order inconsistent, if not corrected.

Now let us examine the first exception. We do not think the Circuit Judge was in error in holding that the service of a second summons and complaint, together with the plaintiff's attorney's letter of date 27th October, 1902, in which letter such attorney spoke of holding up the papers for ten days after the latter date, were calculated to confuse the mind of the defendant, who is a layman. Hence, we will have to decide against this exception.

We will next notice the second exception, which is as follows: "2. Because his Honor erred in holding, 'I think the default of the defendant was reasonable and natural, and that his neglect to answer was excusable,' when, it is respectfully submitted, the defendant had made default by failing to answer on or before the 22d day of October, 1902, and when his Honor had distinctly held that 'up to this point' (referring to the 25th day of October, 1902), 'I do not think defendant's neglect was excusable,' the assignment of error being that his Honor had no right to grant such order on the ground of excusable neglect occurring after the expiration of the twenty days allowed for service of the defendant's answer." We have already shown that Judge Townsend up to this point *did not hold* that on the *25th* October, 1902, defendant's neglect was excusable, but only up to the *20th* October, 1902. Hence, the point of defendant here made is untenable. This exception is overruled.

We will now pass upon the third exception, which is: "3. Because his Honor erred in holding, 'The service of the second summons was well calculated to convey the idea that the failure to answer the first summons had been condoned, and the letter of 27th October was calculated to convince the defendant that he had at least ten days to answer,' when it is respectfully submitted, plaintiff's attorneys did not know at the time of such service that the defendant had ever been served, and afterwards told defendant they would not rely upon the second service after they had ascertained that service had already been made; and, it is respectfully submitted, plaintiff's attorneys could not condone the failure to answer the first summons when they did not know that the same had been served."

We have before held that Judge Townsend made no mistake. The second summons and complaint were calculated to affect a layman's (such was defendant) mind. This exception is, therefore, overruled.

We will next consider the fourth exception, which is as fol-

lows: "4. Because his Honor erred in refusing to dismiss defendant's motion upon the ground that the showing made by defendant as to his having a valid defense to plaintiff's cause of action was insufficient, in that: (a) His proposed answer was not verified; (b) Nor was there in the affidavit of defendant, nor in that of anybody else in the showing made, a verified statement by him that the matters and things stated in defendant's proposed answer were true; (c) Nor was there any statement under oath as to what defendant's proposed defense was."

The plaintiff's complaint was not verified, hence the defendant did not verify his answer. But he submitted his affidavit that his defense was meritorious. The Circuit Judge, no doubt, considered this matter. There is evidence in the "Case" that this particular point of objection was brought to the attention of the Circuit Judge, but still nothing in section 195 requires the proposed answer to be sworn to. This exception is overruled.

We will now dispose of the 5th exception: "5. Because his Honor erred in holding the defendant's neglect was excusable, and in setting aside the judgment in this cause and granting leave to defendant to answer plaintiff's complaint."

Section 195 of the Code of Procedure provides: "The Court * * * may in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect * * *" These matters are by law submitted to the discretion of the Circuit Judge. Of course, any mistake in law by the Circuit Judge may be corrected by this Court on appeal, but we find no error of law involved in this appeal. This exception is overruled.

It is the judgment of this Court, that the judgment of his Honor, Judge Townsend, herein is affirmed.