8432

DUNCAN v. DUNCAN.

1. PLEADINGS.—A DEMURRER to a complaint on the ground that another action is pending between the same parties on the same cause of action cannot be sustained unless that fact appears on the face of the complaint.

2. IBID.—A DEMURRER should have attached a certificate as provided by rule 18.

3. JURISDICTION.—An action for accounting for rents and to enjoin trespass may be maintained in the county of the residence of plaintiff against a defendant residing in another county without

reference to the location of the land and unless the defendant takes the proper steps to have the case transferred to the county of his residence, the judgment will be valid.

4. DISCONTINUANCE OF ACTION—COSTS—ESTOPPEL.—Where an action is brought in one county against a defendant residing in another and he demurs on the ground that the Court has no jurisdiction of his person or of the subject matter he cannot complain if plaintiff's attorneys adopt that view and discontinue the case without notice to him on the ground that no provision for costs incurred by him is made, as he may have his costs and disbursements taxed.

5. STRIKING OUT PLEADINGS.—A demurrer on the ground that another action is pending, which *does not appear on the face of the complaint,* and which is not accompanied by a certificate as provided in rule 18, may be stricken out as frivolous on motion at chambers, though judgment on the merits, if it follows as the result of the motion, should be granted in term time.

6. EXCUSABLE NEGLECT—APPEAL.—A motion for rehearing a motion on Circuit is not appealable except for abuse of discretion, and should always be supported by affidavit when made on ground of excusable neglect, mistake or surprise.

7. A DEFAULT should not be opened unless it appear that it was taken through mistake, surprise or excusable neglect. That defendant has a good and substantial defense and the facts constituting such defense should be set out under oath.

8. ANSWER.—AFFIDAVITS served with a demurrer contesting the allegations of a complaint are not equivalent to an answer.

9. IBID.—NOTICE.—A defendant in default is not entitled to notice of trial or of the taking of judgment.

10. EQUITY.—An action for accounting for rents, to enjoin trespass and for judgment on a note, the payment of which is a condition precedent to conveyance to defendant by plaintiff of lands to which she alleges she holds the title in trust for him, is in equity and is properly triable on Calendar 2.

11. DEFAULT.—There is no statute or rule which requires the evidence in a default case to be reduced to writing.

12. IBID.—APPEAL—MOTION.—A party in default cannot appeal directly to this Court from the default judgment. His remedy is by motion to vacate and on such motion he should set out the excusing facts in detail under oath and in the same way show he has a good and substantial defense on the merits.

MESSRS. JUSTICES WATTS *and* FRASER *dissent.*

13. REHEARING refused.

Before COPES, J., Richland, March, 1911.   Affirmed.

Action by Louise T. Duncan against John T. Duncan. Defendant appeals.

*Messrs. McLaughlin* and *Smith,* for appellant, cite: *Motions for discontinuance should be submitted to the Court:* 65 S. C. 501; 80 S. C. 74; 82 S. C. 12.   *Affidavit attached to demurrer was sufficient to join issue:* 27 S. C. 164; 30 S. C. 564; 43 S. C. 17; 137 S. C. 607; 2 S. C. 424.   *This Court may review findings in equity:* 51 S. C. 431; 45 S. C. 509; 47 S. C. 357; 51 S. C. 363; 64 S. C. 27.

*Messrs. Grier, Park* and *Nicholson,* contra, cite: *Circuit Judge has power to hear the motion:* Code 1902, 2733; 80 S. C. 74; 26 S. C. 99.   *That another action is pending must appear on face of complaint:* 67 S. C. 175; 68 S. C. 333. *Judgment of a Court without jurisdiction is a nullity:* 79 S. C. 316; 11 Cyc. 702.   *Reopening a hearing is a matter of discretion:* 52 S. C. 305.   *Affidavit to demurrer cannot be considered as an answer:* Code of Proc. 164; 31 Cyc. 310. *On what calendar a case is heard is for the Court:* 52 S. C. 461.

The opinion in this case was filed on December 2, 1912, but remittitur held up on petition for rehearing until

February 8, 1913.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   On October 27, 1910, plaintiff commenced an action against defendant in the Court of Common Pleas for Greenwood county.   The allegations of the complaint, germane to the cause of action, are, in substance, as follows: That plaintiff is the wife of defendant, from whom she has permanently separated; that she is owner in fee, in her own right, of certain lands in Richland

county, which are particularly described; that defendant, against her objections and protests, continually trespasses on said property and collects the rents from her tenants, and will not account to her therefor; that he is unable to respond in damages and she has no adequate remedy at law; that one of the tracts described was to be conveyed to defendant, and that she is ready and willing to convey it to him, upon his accounting to her for the rents belonging to her which he has collected, as aforesaid, and upon his paying a certain note for about $270.00 which she holds against him. She prays that he be enjoined from trespassing upon her said property, and from collecting the rents thereof, or interfering with her tenants; that he be required to account to her for the rents collected by him; and for general relief.

In due time, defendant demurred to the complaint on two grounds, to wit, that it appeared upon the face thereof: 1. That the Court had no jurisdiction of the person of defendant. 2. That it had no jurisdiction of the subject of the action. The demurrer was not accompanied by the certificate of merit required by rule 18 of the Circuit Court, to wit: "A demurrer must, in every case, be accompanied by a certificate of the counsel filing it that it is meritorious, and not intended merely for delay."

Thereafter, on December 1, 1910, plaintiff commenced this action in the Court of Common Pleas for Richland county. The following notice, addressed to defendant, was attached to the summons and complaint and served upon the defendant: "You will please take notice that the action heretofore commenced by the above named plaintiff against you as defendant, entitled 'County of Greenwood,' and to which action you filed a demurrer to the jurisdiction of the Court, has been discontinued, dismissed and abandoned by plaintiff through her attorneys, Grier & Parks, without cost to the said defendant, John T. Duncan. The insertion of 'Greenwood county' in the said cause was through inadvertence and oversight, the intention having been to have

'Richland county' appear where 'Greenwood county' was written. You are herewith served with summons and complaint in the suit of the said Mrs. Louise T. Duncan, plaintiff, against yourself as defendant, in Richland county."

The allegations of the complaint in this action are the same as those of the complaint in the action commenced in Greenwood county. To the complaint in this action, defendant interposed the following demurrer: "The defendant demurs to the complaint herein, with notice thereto attached, for it appears upon the face thereof that there is another action pending between the same parties, for the same cause." This demurrer was not accompanied by the certificate of merit required by the rule of the Court above quoted. To this demurrer was attached an affidavit of defendant, alleging the commencement of the action in Greenwood county, and that he had duly demurred to the complaint therein; that said action was brought in Greenwood county for the convenience of plaintiff; that it was to his inconvenience and expense; that he had not consented to its discontinuance, nor had the Court ordered its discontinuance, nor had any reference been held to determine his costs and expenses; that he has a complete defense to the allegations of the complaint; that plaintiff is suffering no wrong, but seeks to obtain that to which she has no right, having deserted him, without notice or cause." Thereafter, plaintiff gave defendant notice that she would move the presiding Judge, at his chambers, at Camden, on March 16, 1911, at 10 o'clock a. m., for an order striking out his demurrer as frivolous. Defendant failed to appear at the hearing of the motion, which was heard at the time and place specified in the notice, and it was granted. Thereafter, defendant moved the Court for a rehearing of the motion on the ground, as stated in the notice, that he had "by inadvertence and excusable neglect failed to reach Camden and be present at the time said motion was heard, the defendant having mistaken the 16th instant for the 15th,

and, on attempting to communicate with Judge Copes, he was informed that the Judge had left Camden two days prior thereto, which was the 15th inst. Defendant asks, as a matter of justice and equity, that he be granted the opportunity to show that his demurrer was, according to law, right and proper, and also in good faith; that it was not frivolous, and that the motion of plaintiff should not have been entertained, and that under any circumstances defendant should have been granted the right to put in an answer. The defendant will ask for whatever relief may be right and proper." The grounds upon which the motion was made were stated only in defendant's notice, and they were not supported by affidavit. His motion was refused.

Thereafter, on March 29, 1911, the case was called for trial in open Court, and, after hearing testimony, which was not reduced to writing, the Court entered a decree in favor of plaintiff, in which it was found that the allegations of the complaint are true and that defendant is indebted to plaintiff in the sum of $1,409.17—$358.17 thereof being the amount due on the note mentioned in the complaint, and $1,051.00 thereof being the balance due plaintiff for rents of her property which defendant had collected and failed to pay over to her, and judgment was given against defendant therefor, and plaintiff was awarded relief, according to the prayer of her complaint.

From this decree, and the intermediate orders mentioned, the defendant appealed. His exceptions present the following assignments of error: 1. In striking out his demurrer as frivolous. 2. In refusing his motion for a rehearing of the motion to strike out the demurrer. 3. In striking out the demurrer on motion heard at chambers. 4. In refusing to allow him to answer. 5. In hearing the case on calendar 2 without notice to defendant, when it should have been heard on calendar 1 and tried by a jury. 6. In holding that defendant had failed to answer, when he should have held that the affidavit served with the demurrer con-

troverted the allegations of the complaint and was an answer. 7. In adjudging that defendant pay his indebtedness to plaintiff as a condition of her being required to convey to him the lot which she alleged in her complaint was to be conveyed to him. 8. In rendering any decree in this action while the suit in Greenwood county was still pending. The remaining exceptions question the findings of the Court as being contrary to the weight of the evidence.

Section 165 of the Code of Procedure provides: "The defendant may demur to the complaint, *when it shall appear upon the face* thereof (italics added), either, 1. That the Court has no jurisdiction of the person of the defendant, or the subject of the action * * *; or, 3. That there is another action pending between the same parties for the same cause." Section 168 provides: "When any of the matters enumerated in section 165 do not appear upon the face of the complaint, the objection may be taken by answer." Under the provisions of the code above quoted and the decisions of this Court, a complaint is not demurrable on either of the grounds above stated, unless *it appears upon the face thereof,* that the Court has no jurisdiction of the person of the defendant, or of the subject of the action, or that another action is pending between the same parties for the same cause. *Kiddell* v. *Bristow,* 67 S. C. 175, 45 S. E. 174. By reference to the complaint, the substance of which has been hereinbefore stated, it will be seen that it does not appear upon the face thereof that the Court had no jurisdiction of the person of the defendant, or of the subject of the action. It is clear, therefore, that the demurrer to the complaint in the Greenwood case could not have been sustained, and, if it had been heard on the merits, it must have been overruled on the ground above stated, and also on the ground that it was not accompanied by the certificate required by rule 18 of the Circuit Court. As to the merits of the grounds of the demurrer to that complaint: The action was

494        DUNCAN v. DUNCAN.

for accounting for rents collected by defendant from plaintiff's tenants and to enjoin him from further trespassing upon her lands or interfering with her tenants. The action was therefore personal, and it was not necessary to bring it in the county in which the real estate was situated; but it could have been brought in the county of defendant's residence, without regard to the location of the lands. If brought in any other than the county of his residence, and defendant had failed to make objection in the proper way and take the proper steps to have the case transferred to the county of his residence for trial, the judgment would have been valid. *Jenkins* v. *R. Co.*, 84 S. C. 343, 66 S. E. 409.

Moreover, if defendant was a resident of some other county than that in which the venue was laid, and had brought the fact to the attention of the Court in the proper way, either by answer or by affidavit on a motion to have the case transferred to the county of his residence for trial, the Court would have had jurisdiction to transfer it, but would not have had jurisdiction to pass any order affording defendant affirmative relief. *All* v. *Williams,* 87 S. C. 102, 68 S. E. 1041, and cases cited. Therefore, defendant was not prejudiced by the action of plaintiff's attorneys in having the Greenwood case discontinued, without notice to him. Having contended by his demurrer that the Court had no jurisdiction of his person or of the subject of the action, and plaintiff's attorneys having acquiesced in and acted in accordance with his contention by having that action discontinued, he is estopped from now contending that he should have been heard on the motion to discontinue in order that the costs incurred by him might be provided for; because it necessarily follows that, if the Court had no jurisdiction of the person of the defendant, or of the subject of the action, no such order could have been made. But in such cases, a party may, under sections 323 and 324 of the Code of Procedure have

his costs and disbursements taxed, and an execution issued therefor.

As it is clear beyond controversy that it *does not appear upon the face of the last complaint* that the Greenwood action was still pending, and as the demurrer to that complaint was not accompanied by the certificate required by rule 18 of the Circuit Court, it follows that there was no error in granting plaintiff's motion to strike out that demurrer as frivolous. The question is too plain for argument. Furthermore, if, as defendant contended, the Court in Greenwood county had no jurisdiction either of his person or of the subject of the action, how can he be allowed to contend in this case that the pendency of that action is a bar to this? The two positions are inconsistent. If the Court in Greenwood had no jurisdiction, no action was pending. 1 Cyc. 35. Nor was there error in hearing the motion at chambers. *Badham* v. *Brabham,* 54 S. C. 400, 32 S. E. 444. Motions to strike out may be heard at chambers, though judgment on the merits, if it follows as the result of the motion, can be rendered only in open Court.

The motion for a rehearing of the motion to strike out was addressed to the discretion of the Court below. This Court has held in cases too numerous to mention that it will not interfere with the exercise of discretion in such matters, except in case of manifest error. Now, in this case, the grounds upon which the motion was based were not supported by affidavit. There was no error in refusing to set aside the previous order upon the mere statement of the defendant, contained in the notice of his motion, and unsupported by his affidavit. When a party asks for relief in such cases upon the ground of mistake, surprise or excusable neglect, the facts should be set out in detail and under oath, so that the Court may decide, upon the facts, whether the claim to relief is well founded.

What has been said with regard to the refusal of defendant's motion for a rehearing of the motion to strike out his demurrer applies with equal force to the refusal of his motion to be allowed to file an answer.    He failed to make it appear by affidavit, or even by statement thereof, that he had a meritorious defense.    The 19th rule of the Circuit Court forbids even an extension of time to answer or demur without a certificate that defendant has a good and substantial defense upon the merits. For greater reason, a default should not be opened, and the party allowed to plead, unless it is made to appear, not only that the default was the result of mistake, surprise or excusable neglect, but also that the party has a good and substantial defense, and the facts constituting such defense should be stated, under oath, so that the Court can decide whether, if true, they really constitute a meritorious defense.

In *Turner* v. *Bolton,* 82 S. C. 504, 64 S. E. 412, this Court held that the granting or refusing of an order to open a default, under section 195 of the Code, is within the discretion of the Circuit Court, and that the exercise of that discretion will not be reviewed, unless it is clearly made to appear that it was abused.    *Mfg. Co.* v. *Smith,* 70 S. C. 160, 49 S. E. 226 ; *Dunton* v. *Harper,* 64 S. C. 338 ; 42 S. E. 153, and cases therein cited.    In *McDaniel* v. *Addison,* 53 S. C. 224, 31 S. E. 226, Chief Justice McIver, delivering the opinion of the Court, said : "The motion is based upon section 195 of the Code of Procedure, which provides, amongst other things, that the Court may, 'in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code of Procedure, or, by an order, enlarge such time.'    It is manifest, therefore, from the express terms of the statute, that a motion of this character is addressed to the discretion of the Circuit Court, and not, therefore, ordinarily appealable.    For, as was said by the late Chief Justice Simpson, in *Truett* v. *Rains,* 17 S. C. 451,

and quoted with approval in the very recent case of *Michalson* v. *Roundtree,* 51 S. C. 405: 'As a general rule, where a Court or Judge is invested with power to be exercised at discretion, such power is absolute, and when exercised, it is final. From the very meaning of the term and the nature of the power, discretion is unlimited. It is bounded by no rule except the good sense and integrity of the party empowered to exercise it, and, in the absence of an express right to appeal, it necessarily follows that its exercise is unappealable.' While this is undoubtedly the general rule, our cases, some of which have been cited in the argument of counsel, recognize at least one exception, and that is where there has been an abuse of discretion. Of course, this Court would not assume that any Circuit Judge had been guilty of abuse of discretion confided to him by law, and hence whenever an appeal has been taken upon this ground, the burden rests upon the appellant to show that there has been abuse of discretion." See, also, *White* v. *Coleman,* 38 S. C. 556, 17 S. E. 21.

In this connection, we may dispose of defendant's contention that the Court erred in holding that he was in default when it should have held that the affidavit served with his demurrer controverted the allegations of the complaint and was equivalent to an answer. It would certainly establish a novel practice, and one at variance with the Code of Procedure, the rules of Court, and all precedents, to hold that an affidavit filed in support of a demurrer (a practice which is itself without precedent) should in effect be an answer. That the defendant himself did not so intend it is conclusively shown by his present contention that he should have been allowed to answer. Besides, by reference to the affidavit of defendant, it will be seen that it does not deny a single allegation of fact contained in the complaint which is germane to plaintiff's cause of action.

The defendant, being in default, cannot complain that he had no notice of the trial, or rather of the proving of

32—93

plaintiff's cause of action, and of the taking of the judgment against him. He was not entitled to notice thereof. *Johnson* v. *Masters,* 49 S. C. 525; *Gillian* v. *Gillian,* 65 S. C. 133. Nor is his contention that the case should have been docketed on calendar 1, and tried by jury well founded. In every feature, the action was equitable in its nature and, therefore, triable by the Court.

There was no error in requiring defendant to pay plaintiff what it was found he owes her, as a condition of her being required to convey to him the land, mentioned in the complaint, the legal title of which she alleges she holds in trust for him. The maxim, who seeks equity must do equity, applies in such cases.

The exceptions which question the findings of the Circuit Court as opposed to the weight of evidence cannot be considered for two reasons: 1, Because the evidence was not reduced to writing, and is not, therefore, before the Court. There is no statute or rule of Court which requires that the evidence in a default case like this shall be reduced to' writing and preserved with the record; and this Court will indulge every presumption in favor of the judgment of the Circuit Court. 3 Cyc. 308 *et seq.* 2. Because a party in default cannot appeal directly to this Court from the judgment against him. His remedy is by a motion in the cause, to vacate the judgment, under section 195 of the Code. *Gillian* v. *Gillian,* 65 S. C. 133, 43 S. E. 386, and cases cited. Even then, an appeal will not be entertained from the order refusing such motion, unless the grounds of the motion strike at the foundation of the cause of action, or the power of the Court to pronounce the judgment; because the default admits the truth of every relevant fact well pleaded, *Odom* v. *Burch,* 52 S. C. 305, 29 S. E. 726; *Washington* v. *Hesse,* 56 S. C. 28, 63 S. E. 787; *Gadsden* v. *Home Fert. Co.,* 89 S. C. 483. Where such a motion is based on the ground of

mistake, inadvertence, surprise, or excusable neglect, it is incumbent on the party in default not only to prove the grounds upon which he seeks relief, by setting out the facts in detail, under oath, so that his adversary may have an opportunity to rebut them, and the Court may determine their sufficiency, but he should also show, and in the same way, that he has a good and substantial defense upon the merits. *Roberts* v. *Pawley,* 50 S. C. 491, 27 S. E. 913; *Gillian* v. *Gillian, supra.* No motion was made in this case to set aside the decree, and we have already referred to the fact that it was not made to appear that defendant had a good defense to the plaintiff's action. The Courts are loath to shut off a meritorious defense, and even though defendant undertook to fight the plaintiff's case on technical grounds and with dilatory pleas, and demurred, when he should have answered, and when there was no merit in either of his demurrers, nevertheless, if he had shown by affidavit that he had a good defense, we feel sure the Circuit Judge would have allowed him to answer. But the Court was not called upon to exercise its discretion by opening the default and allowing him to answer, without knowing or having good reason for believing that the defense which he proposed to set up was well founded; otherwise, it might have allowed him to file an answer as frivolous as his demurrers, and which it would have felt constrained to strike out on plaintiff's motion. The burden is upon him who asks the Court to exercise its discretion in his behalf to show good and sufficient reasons why it should be done.

Affirmed.

Mr. JUSTICE WOODS *concurs.*

THE CHIEF JUSTICE, *disqualified.*

Mr. JUSTICE WATTS, *dissenting.* I cannot concur in the opinion of Mr. Justice Hydrick herein. I concur in so much

of his opinion as sustains Judge Copes in overruling the demurrer filed by the defendant to the complaint of plaintiff on the ground there was no merit in it. The fact that the defendant did not file a certificate that it was meritorious is, in my opinion, immaterial, as he accompanied the demurrer with an affidavit, which was a substantial compliance with the rule, as defendant is not a practicing attorney, but only exercised his constitutional right to appear in person and defend. I think some latitude and discretion should be exercised in the interest of substantial justice, and while it is true that Mr. Justice Haskell says, in *Rice* v. *Mahaffey,* 9 S. C. 283, "Rules do not make laws, but they regulate practice and should be enforced," in this case the filing of the affidavit, with the demurrer, took the place sufficiently of a certificate for the demurrer to be heard on its merits and his Honor, however, was right in overruling the demurrer. I, however, think that his Honor erroneously exercised his discretion in refusing to allow the defendant to answer on the merits, even though defendant did not make affidavit that he had a substantial and meritorious defense. The record itself before the Court showed that another action between the same parties, affecting the same subject matter, was pending in Greenwood county. That the plaintiff's attorneys had served notice that they had discontinued that action. This was not sufficient. The plaintiff had the right to take an order of discontinuance and let the costs be taxed or to have served notice that she would discontinue and offer to let the costs be taxed. The defendant was entitled to have his costs taxed and paid and until this was done, or he was put in a legal position to have it done, plaintiff was not entitled to prosecute another action.

Rule LX of Circuit Court is, "Where a party has suffered a *nonsuit* or discontinuance or has otherwise let fall his action, all proceedings in any new action for the same cause shall be suspended until all costs of such former action shall have been paid." It was incumbent on the part of the

plaintiff to comply with this rule before she could prosecute another action to judgment. I think upon the record in the case that defendant should have been allowed to answer on the merits and if this was denied that his Honor should have suspended the case until the costs of former cases were paid. I do not think that it is the duty of a Circuit Judge to, alone as it were, referee an intellectual combat between the attorneys of opposite sides, but upon the whole case before him see that the litigants' rights are protected. I do not think the practice of granting decrees where testimony is required, unless that testimony is reduced to writing and perpetuated in some permanent form, is to be commended, and where damages claimed are unliquidated, even though default is made by failure to answer. Even under these circumstances, in my opinion, the party defaulting, if he saw fit to exercise the right, could appear and cross-examine the witnesses put up to establish facts required to be proven to obtain judgement.

The decree in this case is too sweeping to have been granted without the testimony to support it being reduced to writing by the Court or under the direction of the Court.

I think the decree should be reversed and case remanded with leave to defendant to answer under such terms as the Circuit Court sees fit to impose.

MR. JUSTICE FRASER *concurs.*

February 8, 1913. PER CURIAM. Petition for rehearing refused by formal order filed on February 8, 1913.