632 S.E.2d 844

**Theodore EDITH, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

Supreme Court of South Carolina.

May 24, 2006.

---

## ORDER

By order dated October 31, 2005, the circuit court issued a conditional order of dismissal in this post-conviction relief (PCR) case. This order gave petitioner twenty days to show cause why the conditional order should not become final. Petitioner did not file a reply to the conditional order of dismissal, and the circuit court issued a final order of dismissal on March 6, 2006. Petitioner has now served and filed a notice of appeal from this last order.

S.C.Code Ann. § 17–27–70(b) (2003) provides for conditional orders of dismissal in PCR actions. It states:

When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its rea-

sons for so doing. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a material issue of fact.

This Court has previously held that the issuance of a default judgment based on the failure of a party to file a response pleading or to appear is not appealable. *Cf. Belue v. Belue,* 276 S.C. 120, 276 S.E.2d 295 (1981) (default judgment based on failure to appear); *Duncan v. Duncan,* 93 S.C. 487, 76 S.E. 1099 (1913) (default judgment based on failure to file response pleading); *Gadsden v. Home Fertilizer & Chemical Co.,* 89 S.C. 483, 72 S.E. 15 (1911) (same); *Gillian v. Gillian,* 65 S.C. 129, 43 S.E. 386 (1903) (same); *Washington v. Hesse,* 56 S.C. 28, 33 S.E. 787 (1899) (same); *Odom v. Burch,* 52 S.C. 305, 29 S.E. 726 (1898) (same). We see no reason why this same rule should not be equally applicable to a PCR applicant who fails to avail himself of the opportunity to reply to a conditional order of dismissal and, as a result of this default, a final order of dismissal is issued.

Accordingly, the notice of appeal in this matter is dismissed.[1] The remittitur will be sent as provided by Rule 221, SCACR.

s/ Jean H. Toal, C.J.,

s/ James E. Moore, J.

s/ John H. Waller, Jr., J.

---

1. We are aware that petitioner challenged the subject matter jurisdiction of the court of general sessions in his PCR application. In the case of *State v. Gentry,* 363 S.C. 93, 610 S.E.2d 494 (2005), we held that "subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong" and that "[c]ircuit courts obviously have subject matter jurisdiction to try criminal matters." *See also State v. Means,* 367 S.C. 374, 626 S.E.2d 348 (2006) (applying *Gentry* to amendments of indictments); *Evans v. State,* 363 S.C. 495, 611 S.E.2d 510 (2005) (summarizing holding in *Gentry*). There is simply no question that the court of general sessions had subject-matter jurisdiction over the charges in this matter.

410

■■■

s/ E.C. Burnett, III, J.

s/ Costa M. Pleicones, J.