## SANDERS v. VENNING.

Stock Law—Exemptions—Constitutional Law.—A statute exempted a designated section of one county from the general law of the State relating to fencing of stock, and excepted from such exemption the lands of those who had complied with the general law, provided those who claimed the exemption of this act should erect fences around the lands excepted. Stock from the exempted territory trespassed on the lands of one so excepted, around whose lands no fence had been erected. *Held*, that the statute was unconstitutional and void—following Utsey *v.* Hiott, 30 S. C.. 360, and Fort *v.* Goodwin, 36 S. C., 445.

Before Hudson, J., Berkeley, June, 1892.

This was an action by Samuel Sanders against William L. Venning, to recover for damages done to plaintiff's land by defendant's cattle in May, 1892. Under the act of 1887 (19 Stat., 973), a certain portion of Berkeley County was exempted from the general provisions of chapter XXVII. of General Statutes, relating to the stock law; and by the second section of said act it was provided, that "any parties who have complied with the general stock law embraced in and adjoining the territory described, * * * should have the rights of chapter XXVII., title X., of the General Statutes, relating to the stock law, and only deprived of the same by the erection and keeping up, at the expense of the owner of stock claiming the benefit of exemption herein, of all such fences as may be necessary for such purposes."

Plaintiff, previous to this act, had conformed to the general law, and the fences around his planting lands had gone to decay, and no fence around his lands was built after this act became of force.

The trial justice, before whom the action was brought, held with defendant and sustained the law. He was overruled on Circuit, and the defendant appealed.

*Mr. W. L. Venning*, for appellant.

*Messrs. Jervey & Prioleau*, contra.

March 23, 1893. The opinion of the court was delivered by

MR. JUSTICE POPE. The plaintiff brought his action against the defendant in the Trial Justice Court of C. E. Dutart, Esq., to recover $10.50 damages for injuries done plaintiff's property by the cattle of defendant, while running at large on plaintiff's lands. Plaintiff had complied with the provisions of what is known as the general stock law of this State, as found in sections 1184, *et seq.*, of our General Statutes. The defendant justified his cattle running at large, and consequently any injuries resulting therefrom to plaintiff's property under the act of the General Assembly of this State of 1887, as found in 19th volume of our Statutes at Large, at page 973. Before the trial justice, it was contended that the last named act was unconstitutional, being violative both of our State Constitution and also that of the United States. The trial justice held the act constitutional, and dismissed the complaint. On appeal, Judge Hudson, in the Court of Common Pleas for Berkeley County, held the act in question unconstitutional and void, reversed the judgment of the trial justice, and gave judgment for plaintiff.

From this judgment an appeal was taken on these grounds: *First.* Because his honor erred in holding: 1. That the act of 1887 (19 Stat., 973), because of inconsistencies between the body of the act and the proviso, cannot be construed to effect the exemption claimed by the respondent. *Second.* Because his honor erred in holding that the act is unconstitutional and void: 1. In that it seeks to except certain persons from an exemption granted to others of the same class, in the same territory, and under like circumstances; 2. In that it tends to abridge the privileges and immunities of the citizens of the United States, and to deprive persons of their property without due process of law, and to deny to persons within the jurisdiction of the State the equal protection of the laws; and 3. In that by said act, private property is taken and applied to the use of corporations, and to the use of private persons, without the consent of the owners, or a just compensation being made therefor.

We scarcely deem it necessary to do more than to say that the object and provisions of the act of 1887 (19 Stat., 973) are almost identical with those of the act of 1887 (19 Stat.,

1002). The latter related to portions of Colleton County, while the former is made to apply to portions of Berkeley County, in this State. This court, in the case of *Utsey* v. *Hiott*, 30 S. C., 360, decided the latter act unconstitutional and void. Following this decision was the case of *Fort* v. *Goodwin*, 36 S. C., 445, which involved the consideration of a subject matter very closely connected with that involved in the act now in question, and the decision was in accord with that of *Utsey* v. *Hiott, supra.* Such being the effect of the decisions of this court, we have not been shown any good grounds for interfering with those decisions. It follows, therefore, that the judgment in this case must be affirmed.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.