### BROWN v. THARPE.

1. PERSONAL RIGHTS—CONSTITUTION.—Sec. 12., Art. I., of Constitution of 1868, applies to personal rights.
2. CONFLICT OF LAWS.—IBID.—The act, 21 statute, 360, exempting certain portions of Williamsburg County from the operation of the general stock law for a certain time of the year does not violate the equality clauses of the State and Federal Constitutions, in imposing upon citizens in the exempted portion the burden of fencing their cultivated lands, when same is not required of other citizens of the county, and in compelling citizens along the boundary line to pay the penalty if their stock go across the boundary line.
3. STATUTES.—Court cannot declare a statute void because (1) lines of territory described as exempted from a certain law is not clearly defined; (2) it contains no adequate and effective remedy for carrying out its provisions; (3) consequences of act are against common right and reason.

Before KLUGH, J., Williamsburg, June, 1905. Affirmed.

Action by Dexter A. Brown against S. J. Tharpe in magistrate court. From Circuit order affirming judgment of magistrate, defendant appeals.

*Messrs. Lee & Askins,* for appellant. No argument furnished Reporter.

*Messrs. Gilland & Gilland,* contra, cite: Cool. Con. Lim., 5 ed., 218, 219; 68 S. C., 357; 8 Cyc., 802, 804; 14 Ga., 438; 45 Ga., 370; 8 Cyc., 737; Code 1902, 1505, 1506, 1507, 1510, 1513; 24 Stat., 393; 7 Law R. & R., sec. 3833; Cool.

Con. Lim., 2 ed., 390; 30 S. C., 360; 21 S. C., 292; 33 S.
C., 66; 54 S. C., 252; 120 U. S., 71; 39 L. R. A., 245; 62
S. C., 524; 7 Law R. & R., sec. 3745; 73 S. C., 74.

April 17, 1906.    The opinion of the Court was delivered
by

MR. JUSTICE JONES.    This appeal involves the constitu-
tionality of the act approved December 22, 1892, 21 Stat.,
360, exempting a designated portion of Williamsburg
County from the operation of the general stock law from the
15th day of December each year to the 15th day of April of
the following year.    The plaintiff and defendant are resi-
dents near the center of the exempted territory.    The de-
fendant in February, 1905, seized and impounded two cows
of the plaintiff found upon his land, and, after notice, was
proceeding to have the cattle advertised and sold by a magis-
trate, when the plaintiff brought this action in claim and
delivery before magistrate W. P. Baldwin.    The defendant
sought to justify his seizure of the cattle on the ground that
the exemption from the general stock law was unconstitu-
tional.

The magistrate sustained the act and found judgment
against defendant, and this judgment on appeal was affirmed
by the Circuit Court, Judge Klugh, from which defendant
appeals, alleging the unconstitutionality of the act in the
particulars which we now consider.

1. Sec. 12, art. I., of the Constitution of 1868,
has no application, as that provision expressly relates
to personal rights, which are not involved in this
contention.

2. It is contended that the act violates art. I., sec. 5, of the
State Constitution, and the fourteenth amendment of the
Federal Constitution, by denying the equal protection of law,
in that (1) it imposes upon citizens in said exempt
section the burden of fencing the cultivated lands
when the same is not required of other citizens of
Williamsburg County; (2) in compelling citizens along the

Williamsburg County, (2) in compelling citizens along the boundary line to pay the penalty if their stock should wander across the boundary line.

The statute in question merely exempts the designated territory from the operation of the general stock law for the time specified and does not undertake to legislate in any other respect. If it be competent for the legislature to prescribe police regulations for a particular locality, any inconvenience which results to those living near the boundary line because of their proximity thereto must be borne as the natural consequence of the valid legislation. The case of *Goodale* v. *Sowell,* 62 S. C., 524, 40 S. E., 970, shows that it was not unconstitutional for the legislature in 1892 to enact a statute exempting certain portions of a county from the operation of the general stock law. The statute applies equally to all within the exempted territory. The equality clauses of the State and Federal Constitution are not violated when all within a designated and reasonable classification are treated alike. *State* v. *Berlin,* 21 S. C., 296; *Utsey* v. *Hiott,* 30 S. C., 365, 9 S. E., 338; *Simmons* v. *Telegraph Co.,* 63 S. C., 430, 41 S. E., 521; *Johnson* v. *Spartan Mills,* 68 S. C., 356, 47 S. E., 695.

3. It is further contended that the statute violates art. I., sec. 23, of the Constitution of 1868, and art. I., sec. 17, of the Constitution of 1895, in that it takes private property for private and public use without the consent of the owner and without compensation. This question is concluded against appellant by the case of *Goodale* v. *Sowell,* 62 S. C., 516, 40 S. E., 970.

4. The remaining exceptions assign as objections to the statute, (1) that the lines of the designated territory are not clearly defined, (2) that the statute contains no adequate and effective means of carrying out its provision, (3) the consequences of the act are against common right and reason. The policy, wisdom, expediency and adequacy of a statute are legislative questions. The Courts cannot declare a statute void unless it manifestly violates

some constitutional principle. *Seegers* v. *Seaboard Air Line,* 73 S. C., 74.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.