7584 ·

SANDERS v. DONNELLY.

1. CONSTITUTIONAL LAW.—STATUTES which merely exempt certain territory from the operation of the general stock law which impose no special burdens on certain persons or on all persons in a special situation are constitutional.

2. STATUTES—STOCK LAW—BERKELEY COUNTY.—Conflicting statutes should be so construed as to be reconciled. So construing sections 1505 and 1506, of Code of 1902, it is held that section 1506 providing for a limited exemption from the operations of the general stock law of a portion of Berkeley county, has no application to that portion of the county already embraced in the general exemption provided in section 1505.

3. REHEARING refused.

Petition in the original jurisdiction of this Court by John S. Sanders for writ of mandamus against P. R. Donnelly.

*Mr. W. St. Julien Jervey,* for the motion.

*Mr. Octavus Cohen,* contra.

The opinion in this case was filed May 11th, but remittitur was held up on petition for rehearing until

May 17, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The petitioner, John S. Sanders, has applied to this Court for a writ of mandamus requiring the respondent, P. R. Donnelly, a magistrate, to advertise, under the provision of section 1501 of the Civil Code, certain stock seized and held by the petitioner as stock trespassing on his land in violation of article I, chapter 23, of Civil Code, known as the general stock law. The return of the magistrate alleges that the territory in which the stock was seized is exempt from the operation of the general stock law, under section 1505, of the Civil Code, and that, therefore, he has no authority to advertise the stock so seized and held.

This section is as follows: "There shall also be exempted from the operation of said general stock law, that section of Berkeley and Charleston counties bounded by a line commencing on the south bank of the Santee River, at the point where the Northeastern Railroad touches the same, along the eastern side of said track to a point where said track crosses the Santee Canal; from that point along the eastern bank of said canal to its southern extremity; thence, by the shortest line, to the Cooper River road at Wadboo Bridge, and along the said Eastern Branch Road to Hugh's Bridge on the eastern branch of Cooper River; thence down said eastern branch of said river to the main river; then down said river to the Wando River; thence up the western bank of said river to the Wando plantation; thence to the seacoast; thence along the seacoast line of Charleston county to the mouth of the Santee River and along said river, the same being the county line, to the point of intersection of the track of the Northeastern Railroad with the said river."

The petitioner's first position that the section is unconstitutional cannot be sustained. It is true that the Court held in *Sanders* v. *Venning*, 38 S. C., 502, 17 S. E., 134, and in other cases therein cited, that a statute providing for the exemption of certain territory

from the operation of the general law which forbade the owners of certain kinds of domestic animals to allow them to roam at large, and imposed special burdens on certain persons or on all persons in a special situation, was unconstitutional. But the Court has held, also, that statutes which merely exempt certain territory from the operation of the general stock law without imposing such special burdens are not unconstitutional. *Goodale* v. *Sowell,* 62 S. C., 524, 40 S. E., 970. *Brown* v. *Tharpe,* 74 S. C., 207, 54 S. E., 363. Under these cases the statute quoted is not subject to any constitutional objection.

The serious question in the case is whether this section 1505, originating in 1884 (18 Stat., 836), amended in 1886 (19 Stat., 716), and brought into its present form in 1889 (20 Stat., 474), was repealed by an act of 1891 (21 Stat., 182), and the act of 1894 (21 Stat., 918), found now as section 1506 of the Civil Code, in this form: "All of Berkeley county except St. Andrew's, St. John's, Colleton, and Christ Church parishes, are exempted from the operation and effect of article I of this chapter relating to the general stock law, from the first day of December of each year until the fifteenth day of March of each year: *Provided, however,* That this section shall be of force and have effect only between the last named dates."

This section, taken on its face, embraces *all* of Berkeley county, except certain parishes not here involved, and limits the exemption to the period from December first to March fifteenth, while the preceding section, 1505, exempts *certain portions* of the county without limitation as to time. If the two sections are irreconcilable, section 1506, being founded on later statutes and appearing later in the Code, will govern. *New York Life Ins. Co.* v. *Bradley,* 83 S. C., 418. But the two sections must be reconciled, if possible, for there is the strongest presumption against a legislative purpose to have one section repealed by another in the same Code, or what is the same thing, to place on the statute

books a statute containing wholly contradictory provisions. There is no way of reconciling the two provisions except by holding section 1506 to apply to "all of Berkeley county except St. Andrew's, St. John's, Colleton, and Christ Church parishes," and except that portion already exempted from the operation of the general stock law by section 1505, the preceding section. : · :· ' :. ·· . . ':

Reference to the act of 1892 (21 Stat., 182), and the act of 1894 (21 Stat., 918), on which section 1506 is founded, strongly supports this construction and mode of reconciliation. That there was no intention to interfere with the exemption from the general stock law of certain territory in Berkeley county by the act of 1892, is made manifest by the fact that the description of the territory to be exempted thereby for three months, refers to and recognizes "the present line of exempted territory." That such was not the intention of the act of 1894 is equally manifest from the fact that it is in terms made to apply to "all of Berkeley county which is not now exempt by law from the operation of the general stock law except, etc." It is also significant that in 1900 (23 Stat., 431), the act of 1886, as amended by subsequent acts, was recognized as still in force by an amendment of its title. This is a clear indication that there was no intention to repeal it.

Section 1506 of the Civil Code, it was true, supplants both these statutes, of 1892 and 1894, but they may be referred to as a part of the history of the legislation in order to ascertain the legislative intent.

The fair inference is that section 1506 of the Civil Code, providing for a limited exemption from the operation of the general stock law of a portion of Berkeley county, has no application to that portion of the county which had already been embraced in the general exemption provided by section 1505.

From this conclusion the result is that the petition for mandamus must be dismissed, and it is so adjudged.

7—86

May 17, 1910.  PER CURIAM.  Careful examination of the petition for rehearing does not convince us that there was any material issue arising on the record overlooked or disregarded in the judgment of the Court.

The petition for rehearing is, therefore, dismissed, and the order, staying the remittitur, revoked.