7681

CARTER v. BARNES.

MILEY v. GOODWIN.

1. CONSTITUTIONAL LAW—STOCK LAW—COLLETON COUNTY.—Subdivision 1 of section 1509 of Code of 1902, exempting certain territory of Colleton county from the general stock law, is not unconstitutional because another subdivision of that section provides that the exemption shall not take effect unless the citizens of the territory exempted under the provisions of *this section* build around the territory exempted in the subdivision a substantial fence.

2. STATUTES—WORDS AND PHRASES.—The word "section" used in the subdivision here construed to mean and to refer to the subdivision of the section.

3. CODE—CONSTITUTIONAL LAW.—One subdivision of a section of the Code may be declared unconstitutional and the other subdivisions remain of force if they be independent of the unconstitutional subdivision.

4. STATUTES—STOCK LAW.—Where an act provides that an election shall be held to ascertain if a portion of a county exempted from the general stock law should so continue, and the election is not held, but a succeeding legislature repeals the act providing for the election, the exemption remains until further legislation.

Before SHIPP, J., Colleton, February, 1910. Reversed.

Two actions in Court of Magistrate P. J. Wilson, A. L. Carter against Willie Barnes, and J. B. Miley against B. B. Goodwin. From circuit order reversing judgment of magistrate in both cases, plaintiffs appeal.

*Messrs. Padgett, Lemacks & Moorer* and *J. S. Griffin,* for appellants, cite: *Parties here can only raise question of constitutionality of subsection 1:* 47 S. C., 77; 15 S. C., 372; 40 S. C., 340; 32 L. R. A., 616; 42 Id., 181; 67 Id., 903. *As to construction of "section."* 12 Pac., 130; 36 N. W. R., 348. *Office of proviso:* 37 S. C., 395; Lewis' Suth. Stat. Con., sec. 352; 78 Ill., 101.

*Messrs. Howell & Gruber,* contra, cite: *Section 1609 of Code is repealed by act of 1907:* Sec. 37, Code 1907; 51 S. C., 305; 62 S. C., 525. *Building a fence makes section unconstitutional:* 62 S. C., 524; 36 S. C., 450; 30 S. C., 369.

October 6, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The facts of this litigation are thus stated in the record: "This was a claim and delivery proceeding commenced by the plaintiff against the defendant for the recovery of four pigs before P. J. Wilson, Esq., magistrate, in April, 1909. The property sought to be

recovered was owned by the plaintiff and was taken up by the defendant while roaming at large upon the lands of the defendant. The defendant seized the same under the provisions of the General Stock Law, the defendant's farm whereon the said hogs were seized lying partly within the County of Colleton and partly within the County of Bamberg, the boundary line separating the said counties running through the defendant's farm. The hogs were seized on that portion of the defendant's farm lying within the County of Colleton and within the territory embraced in subdivision one of section 1509 of the Code of Laws of 1902."

The appeal depends on the single question whether subdivision one of section 1509 of Civil Code, relating to exemptions from the General Stock Law in Colleton county, is constitutional. The magistrate, holding the subdivision to be constitutional, entered judgment in favor of the plaintiff. The Circuit Judge came to the opposite conclusion and reversed the judgment of the magistrate.

Section 1509 of the Civil Code provides: "The following portions of Colleton county are exempted from the operations of article 1 of this chapter, relating to the General Stock Law." Then follow five subdivisions of the section, each exempting a different portion of the county. Subdivision one, which covers the territory in which the pigs here sued for were taken up, is as follows: "All that portion of Colleton county bounded north by the Edisto river, south to the Little Salkahatchie and Combahee rivers, east by Charleston and Savannah Railway and west by the Barnwell line on the Edisto river, and running thence to the Little Salkahatchie river along the said Barnwell line." Standing alone there could be no doubt of the constitutionality of this exemption. *Goodale* v. *Sowell*, 62 S. C. 524, 40 S. E., 970; *Brown* v. *Tharpe*, 74 S. C. 207, 54 S. E., 363; *Sanders* v. *Donnelly*, 86 S. C. 94

But subdivision five of section 1509 imposes the unequal burden of building and maintaining a fence, and it is con-

ceded that by the imposition of this burden subdivision five was made unconstitutional. *Sanders* v. *Venning*, 38 S. C. 502, 17 S. E., 134; *Sanders v. Donnelly, supra.* The contention of the respondent is that the unconstitutional burdens imposed by subdivision five are not limited to the territory therein described, but apply to all the exemptions of section 1509, and that therefore there is no statutory exemption from the operation of the stock law of force in Colleton county. This position is clearly untenable. We quote so much of subdivision five as is necessary to make clear the point involved: "All that portion of Colleton county formerly known as St. Paul's parish, and so delineated on the old plats of the State, are exempted from the operation of the General Stock Law, as enacted in article 1 of this chapter: *Provided,* This section shall not apply to that portion of said parish lying below a line running from the upper line of Stephen Barnwell's plantation at or near Wilton Bluff, on Pon Pon river, to a point on Toogoodoo creek at or near Toogoodoo bridge, and down said creek to where the same enters into the North Edisto river: *Provided, further,* That the citizens of the territory exempted under the provisions of this section shall build a fence from the said point on Pon Pon river to the said point on Toogoodoo creek, separating the portion above described from the portion exempted under the provisions of this section, and construct a proper gate at said Toogoodoo bridge to prevent the passage of animals. Said fence to be kept up to the height of four and one-half feet."

The word "section" when used in the Civil Code usually means the divisions of the Code designated and numbered as sections, but beyond the least doubt the word here used refers to the subdivision of the section in which it is found and not to the whole of section 1509. Any other construction would require that the Court attribute to the General Assembly obviously incongruous legislation. There are five different parts of Colleton county

exempted under the five subdivisions of section 1509. The fence required in subdivision five for St. Paul's parish has no relation to any of the other exempted parts of the county. In saying under subdivision five "that the citizens of the territory exempted under this section" should build a fence having only local value, it is impossible that the General Assembly meant to impose any part of the burden of building and maintaining the fence on the citizens of the other four exempted portions of the county entirely separate from St. Paul's parish. Without more detailed analysis it is enough to say that the context clearly indicates that the words "this section" as used in subdivision five refer to the subdivision and not to the whole of section 1509. That the Court should give them this limited and plainly intended meaning rather than that which they usually have there can be no doubt. The subject has been recently discussed in *Stackhouse* v. *Board of Commissioners,* 86 S. C. 419, where the rule was thus stated: "However plain the ordinary meaning of the words used in a statute may be, the Courts will reject that meaning, when to accept it would lead to a result so plainly absurd that it could not possibly have been intended by the legislature, or would defeat the plain legislative intention; and if possible will construe the statute so as to escape the absurdity and carry the intention into effect."

The most casual inspection of section 1509 shows that the several exemptions of different portions of Colleton county from the operation of the stock law are quite independent of each other. The different subdivisions providing for these exemptions separately have little connection with each other, and one may stand as a complete enactment expressive of the legislative will although another may be unconstitutional. The unconstitutionality of subdivision five, therefore, does not affect the validity of subdivision one.

The next contention is that the whole of section 1509 was repealed by the statute of 1906 providing that an election should be held on a day to be designated by the supervisor of the county to determine whether the exemption existing under section 1509 should be continued.

There is nothing before the Court to indicate that the election was ever held, and manifestly the status fixed by previous legislation continued until changed as a result of such election. As we understand, the fact is that no election was ever held under the act of 1906; and in 1907 another statute was passed repealing the law authorizing the election. This being so, the valid exemptions provided for by section 1509 remain until altered by statute.

It is the judgment of this Court that the judgment of the Circuit Court be reversed.