RHODES v. BURKART.

The plaintiff in an action for claim and delivery took possession of the property under bond to return the same and to pay "such sum as may for any cause be recovered in this action against the plaintiff." He was cast in the suit with costs and surrendered the property. *Held*, that the surety on this bond was liable to the defendant in that action for the costs of suit to an amount not exceeding the penalty of the bond.

Before WITHERSPOON, J., Beaufort, February, 1884.

This action was based upon the undertaking given by a plaintiff in claim and delivery, and sought to recover from the surety the costs taxed in favor of the defendant in that suit. By this undertaking the parties became "bound to the defendant in the sum of thirty dollars for the prosecution of the action of the plaintiff in the          against the defendant for wrong-

fully detaining the said property, for the return to the defendant of the said property, or so much thereof as shall be taken by virtue of the said affidavit and requisition thereupon endorsed, if a return thereof shall be adjudged; and for the payment to Moses Rhodes of such sum as may for any cause be recovered in this action against the plaintiff, dated October 18, 1881." Other matters are stated in the opinion of the court.

*Messrs. Verdier & Talbird*, for appellant.

*Mr. W. J. Whipper*, contra.

March 1, 1888.    The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.    One Tim McKnight brought an action of claim and delivery of personal property against the appellant, Moses Rhodes, and upon the execution of the required undertaking in such case provided, the property was delivered to him.    This undertaking was signed by the said McKnight and the respondent, A. Burkart, in which they became bound to Rhodes in the sum of thirty dollars for the prosecution of the action, for the return of the property, if a return be adjudged, and for the payment to Rhodes of such sum as might for any cause be recovered by him.    The action was prosecuted to judgment in favor of Rhodes for the return of the property, and for the recovery of $42.55 costs, adjudged to him.    The property was returned and execution issued for the costs against McKnight, which was returned unsatisfied.

The action below was then commenced against the respondent, Burkart, demanding judgment for the amount of the undertaking mentioned and for costs.    A jury being waived, the case was heard by his honor, Judge Witherspoon, who decided in favor of the defendant, respondent, with leave to enter judgment with costs.    The appeal seeks to reverse this judgment.

We think, upon a proper construction of the undertaking, it included the costs.    It stipulates in terms not only for the return of the property in case a return be adjudged, but also for the payment of such sum as may for *any cause* be recovered in the action by Rhodes.    The complaint alleges that the defendant,

Rhodes, was adjudged to recover possession of the property and also $42.55, his costs. Judgment should have been awarded appellant at least to the extent of the sum mentioned in the undertaking—$30. See *Voorhies Code* (10 Edit.), 308, referring to *Tibbles* v. *O'Connor*, 28 *Barb.*, 538, where the precise question was raised and decided as above.

It is the judgment of this court, that the judgment below be reversed and the case remanded.