14232

SETZER v. FOIL *ET AL.*

(183 S. E., 907)

*Mr. Jesse W. Boyd,* for appellant,

*Messrs. E. W. Johnson* and *C. E. Daniel,* for respondent,

February 18, 1936.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

The facts out of which this action arose, briefly stated, are these: On January 24, 1933, A. P. Setzer, as plaintiff, brought an action in claim and delivery against the Nolan Tire & Auto Company as defendant, for the recovery of an automobile which he alleged had been stolen from him and

which was then in the hands of the defendant. In order to get immediate possession of the car, the value of which was fixed at $300.00, he executed on the same date a bond in double that amount. On January 26, 1933, before the expiration of the three days allowed by statute, the defendant, in order to retain possession of the automobile delivered to the sheriff its undertaking in the sum of $600.00, executed by "Nolan Tire & Auto Company by G. F. Nolan," as principal, and by R. E. Foil and L. A. Odom, as sureties. Some time thereafter, as the result of an understanding between counsel, the caption of the complaint was changed from "Nolan Tire & Auto Company" to "Time Payment Tire Company, a corporation, trading and doing business as Nolan Tire & Auto Company," with corresponding changes in the complaint itself. In April, 1933, the defendant, with the changed or amended caption, filed its verified answer claiming title to the automobile in itself. The case was brought to trial on May 4, 1933, and resulted in a verdict for the plaintiff for "the recovery of the possession of the property described in the complaint, the value of which is assessed at one hundred and fifty dollars, together with one hundred dollars damages for the wrongful detention thereof by the defendant." The Court granted a new trial, unless the plaintiff remitted on the record the sum of $65.00. This he did, and judgment was duly entered for $185.00, with costs. Execution was then issued, and a return of *nulla bona* having been made, supplementary proceedings were instituted, in which it was ascertained that the defendant was without assets of any kind.

The plaintiff, having thus failed to collect from the judgment debtor, brought an action on the bond, September 5, 1933, against Odom and Foil, the sureties. They moved to make the complaint more definite and certain, and the motion was granted in part. Instead of complying with the Court's order, however, the plaintiff, on January 13, 1934, brought the present suit against the same parties on the same

bond. The defendants thereupon demurred to the complaint on the ground that another action, covering the same matter, was pending between the same parties and in the same Court. The demurrer was overruled for the reason, as stated by the County Judge, that the pendency of such other action was not apparent on the face of the complaint. On April 23, 1934, the plaintiff moved for a voluntary nonsuit in the action commenced September 5, 1933, and the motion was granted upon the condition that he pay the accrued costs of that action and a fee of $25.00 to the defendant's attorney. An appeal, which was sustained by this Court, was taken from so much of the order as required the payment of an attorney's fee. *Setzer v. Odom,* 174 S. C., 56, 176 S. E., 869. The accrued costs were then paid and entry of the voluntary nonsuit was made.

The present action was tried on November 23, 1934, and resulted in a directed verdict for the plaintiff for $185.00 and interest. The Court, however, expressly disallowed the recovery of costs in the original claim and delivery suit, holding that the bond was not liable therefor.

## DEFENDANTS' APPEAL

Error is imputed to the trial Judge in the following particulars: (1) In admitting in evidence (a) the judgment obtained in the original claim and delivery action against Time Payment Tire Company, a corporation, trading and doing business as Nolan Tire & Auto Company, and (b) the alleged conversation between Johnson and Bostick; (2) in overruling the demurrer to the complaint; and (3) in directing a verdict for the plaintiff and in refusing to do so for the defendants.

The real controlling issue to be decided is whether the defendant in the original claim and delivery suit, against whom judgment was obtained in that case by the plaintiff, is the same, or substantially so, as the Nolan Tire & Auto Company which executed, as principal, the redelivery bond on which this action was brought against the sureties, Foil and

Odom. We will endeavor to show, in disposing of the several matters involved in the appeal, that this question must be answered in the affirmative.

It was alleged by the plaintiff in the present case that after the bond here sued upon was filed in the original claim and delivery suit, there appeared in a local paper a notice advertising an incorporation of the Nolan Tire & Auto Company, and a meeting for that purpose at the office of its attorneys, Odom & Bostick; that counsel for the defendant thereupon consulted Mr. Bostick and was told by him that the correct name of the defendant was "Time Payment Tire Company, a corporation trading and doing business as Nolan Tire & Auto Company"; that it was then agreed that the caption of the complaint should be changed so as to read that way, which was done; and that later, with the caption so amended, an answer on the merits of the case was filed.

The defendants Foil and Odom, because of alleged lack of information, denied these allegations and demanded strict proof thereof. On trial of the case, the plaintiff offered to show by Mr. Johnson, one of his counsel, what conversation took place between him and Mr. Bostick in regard to the matter. The testimony was objected to by the defendants on the ground that any understanding between these attorneys was not binding on the sureties, who were not present and were not parties to that action. Mr. Daniel, of plaintiff's counsel, thereupon made the following statement: "Our theory is that Time Payment Tire Company was a party to that original suit from the incident of its initiation just as completely as if it had been named by its correct name instead of by the alias which it chose to assume and parade under."

The Court ruled that the testimony was competent, and the witness then testified as follows: "About two or three days after that, the bond—I noticed in the newspaper that Nolan Tire and Auto Company was forming a corporation in the office of Odom & Bostick, who was defending the case, and

who was one of the bondsmen in the case. So I went up to Mr. Bostick's office in the Andrews Building and I said something to this effect—I don't remember exactly the words —'Am I suing the right person here?' I was suing Nolan Tire and Auto Company, and in effect he replied that the proper name, the correct name, was not Nolan Tire and Auto Company but it was Time Payment Tire Company, a corporation trading and doing business as Nolan Tire and Auto Company. He said that that was the whole name, so I said, 'Well, what about me just changing the caption of my complaint?' I first thought I would have to start all over and have to change the caption. He said that he didn't see any necessity of starting out anew, that I could go ahead and change the complaint, the caption of the complaint, and in substance I did that, and he later filed the answer under that changed caption."

Mr. Bostick, who was the law partner of the surety Odom, and who at the time the alleged conversation occurred was considering the incorporating of the Nolan Tire & Auto Company, was admittedly in a position to know all the facts with regard to the matters about which the plaintiff's counsel consulted him. It was alleged in the complaint that he stated that the correct name of the defendant sued in the original claim and delivery action was "Time Payment Tire Company, a corporation trading and doing business as Nolan Tire & Auto Company." The defendants made no motion to strike out this allegation, but, on the contrary, demanded in their answer strict proof thereof. Also, on trial of the case, they contended throughout that a material change of party defendant had been made in the original claim and delivery action, and for that reason the plaintiff had never obtained any judgment against the principal on the bond which was signed by Foil and Odom as sureties. We think, therefore, that the testimony was admissible for the purpose of showing, which it tended to do, that the amendment made was nothing more than merely sup-

plying the full and correct name of the defendant in that action, without any change in fact as to the defendant itself; in other words, that what was done did not amount to, and was not, the substitution of a distinct party defendant.

In this connection, the testimony of the defendant Odom is informative. He stated that at the time the bond was executed, the Nolan Tire & Auto Company was a partnership, consisting of C. F. Nolan and L. T. Lister; that the Time Payment Tire Company, which he knew all about, was incorporated in 1928 to sell tires on time, and that Mr. Nolan was interested in it; that it operated until August, 1932, about six months before the bond was signed, and that it was "liquidated at that time and went out of business." It is not made to appear when it became active again, if at all. It is clear, however, that Nolan Tire & Auto Company was served through one of its partners, C. F. Nolan; that the redelivery bond signed by the defendant sureties stood for and took the place of the chattel sought by the plaintiff in the claim and delivery action and deprived him of its possession; and that, according to the testimony of Mr. Bostick, the attorney who represented it in the then pending action, its full and correct name was as indicated by the amendment made. It seems to us, therefore, that it was bound by the judgment in the claim and delivery suit, notwithstanding the change in the caption as agreed to by its attorneys. In other words, we do not think, in the light of all the circumstances disclosed, that the amending of the caption, as was done, was such a material change as amounted to the bringing in, or the substitution of, a new and distinct party defendant. Hence, the judgment obtained in the original claim and delivery action was properly admitted in evidence.

Nor is there any merit in the contention of the appellants that the trial Judge committed error in refusing to sustain their demurrer. It is true that another action covering the same matters was pending between the same

parties and in the same Court, but that fact did not appear upon the face of the complaint demurred to. Subdivision (3) of Section 458 of the Code; *Duncan v. Duncan*, 93 S. C., 487, 76 S. E., 1099. When not so alleged, the objection must be by answer. *Kiddell v. Bristow*, 67 S. C., 175, 45 S. E., 174.

As to Question (3) we think that a verdict, the amount of which is not questioned, was properly directed for the plaintiff. The contention of the defendants, that they were entitled to a directed verdict, is disposed of by what we have already said, especially by our conclusions with regard to the pendency of another action and the alleged change of party defendant in the original claim and delivery suit. We find no error as complained of.

### PLAINTIFF'S APPEAL

Counsel for the defendants concedes in his argument that under our decisions the plaintiff was entitled to recover costs incurred in the claim and delivery action, "if entitled to recover at all." In this he is entirely correct. See *Rhodes v. Burkart*, 28 S. C., 154, 5 S. E., 347.

As to the defendants' appeal, the judgment of the Spartanburg County Court is affirmed; as to plaintiff's appeal, the judgment of the County Court is reversed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.